UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SCOTT LEE WOLF,

           Plaintiff,

    v.                             CAUSE NO.: 3:18-CV-915-RLM-MGG

RON NEAL,

           Defendants.

## OPINION AND ORDER

Scott Lee Wolf, a prisoner without a lawyer, filed a complaint alleging he is being denied medical treatment. He also filed an unsigned motion asking for immediate injunctive relief. Though unsigned, the motion will be considered as a part of the complaint because a document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Wolf's complaint names four defendants and asks for both monetary damages and injunctive relief. He names the Indiana State Prison, but it has Eleventh Amendment immunity. See Wynn v. Southward, 251 F.3d 588, 592 (7th Cir. 2001). He names Wexford Health Source, but he has made no factual

allegations about it. *See* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) *("*A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). He names Dr. Marthakis, but merely alleges she saw him once after he had an ultrasound and hasn't provided him with any additional treatment. Though the ultrasound confirmed he has growths on his testicles, Mr. Wolf hasn't alleged Dr. Marthakis knew anything else about his medical condition nor explained what additional treatment he believes the ultrasound results necessitated. Finally, he names Ron Neal, but he has not alleged facts showing Warden Neal has been involved in his medical treatment or could be financially liable to him. The claims for monetary damages must be dismissed.

The motion for injunctive relief isn't signed, but even if it had been it would not have been granted. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997). An injunction ordering a defendant to take an affirmative act rather than merely refrain from specific conduct is "cautiously viewed and sparingly issued." Graham v. Med. Mut. of Ohio, 130 F.3d 293, 295 (7th Cir. 1997) (quotation marks and citation omitted). Prisoners are "not entitled to demand specific care[, nor are they] entitled to the best care possible." Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir. 1997).

To obtain a preliminary injunction, the moving party must show (1) he will suffer irreparable harm before the final resolution of his claims; (2) available

remedies at law are inadequate; and (3) he has a likelihood of success on the merits. *See* BBL, Inc. v. City of Angola, 809 F.3d 317, 323–324 (7th Cir. 2015). The court then "weighs the competing harms to the parties if an injunction is granted or denied and also considers the public interest." Korte v. Sebelius, 735 F.3d 654, 665 (7th Cir. 2013). Moreover, "[t]he PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage." Westefer v. Neal, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted).

Mr. Wolf alleges he has a growth on his testicles and blood in his urine. He alleges he has pain in his testicles and elbow as well as pain and numbness in his arms and legs. It is unclear what treatment he is receiving. However, "[w]hether and how pain associated with medical treatment should be mitigated is for doctors to decide free from judicial interference, except in the most extreme situations." Snipes v. DeTella, 95 F.3d 586, 592 (7th Cir. 1996). The allegations presented by Mr. Wolf are concerning enough to require a prompt response, but he hasn't demonstrated this is one of the "most extreme situations" requiring injunctive relief.

Ron Neal, as the warden of the Indiana State Prison, has both the authority and the responsibility to ensure that Mr. Wolf gets the medical treatment to which he is entitled under the Eighth Amendment. *See* Gonzalez v. Feinerman, 663 F.3d 311, 315 (7th Cir. 2011). Mr. Wolf may proceed against Ron Neal on an injunctive relief claim.

For these reasons, the court:

(1) DENIES the motion (ECF 3);

(2) CONSTRUES the motion (ECF 3) as part of the complaint (ECF 2);

(3) GRANTS Scott Lee Wolf leave to proceed against Warden Ron Neal in his official capacity for injunctive relief for the treatment of the growths on his testicles, the pain in his elbow, and the pain and numbness in his arms and legs;

(4) DISMISSES all other claims;

(5) DISMISSES Indiana State Prison, Marthakis, and Wexford Health Source;

(6) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Ron Neal at the Indiana Department of Correction with a copy of this order and the complaint (ECF 2 and 3) as required by 28 U.S.C. § 1915(d);

(7) ORDERS Ron Neal to file a report by **November 29, 2018**, with supporting documentation from medical staff explaining the medical condition of Scott Lee Wolf, his prognosis and how the medical conditions described in his complaint (ECF 2 and 3) are being treated; and

(8) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Ron Neal to otherwise respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind.

L.R. 10-1(b), only to the claim for which Scott Lee Wolf has been granted leave to proceed in this screening order.

SO ORDERED on November 14, 2018

/s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT