UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SCOTT LEE WOLF, <br><br> Plaintiff, <br><br> v. <br><br> RON NEAL, <br><br> Defendant. | CAUSE NO.: 3:18-CV-915-RLM-MGG |

OPINION AND ORDER

Scott Lee Wolf is proceeding in this case without a lawyer "against Warden Ron Neal in his official capacity for injunctive relief for the treatment of the growths on his testicles, the pain in his elbow, and the pain and numbness in his arms and legs . . .." ECF 5 at 4. The Warden moved for summary judgment, arguing that Mr. Wolf is "receiving the adequate medical care that he is entitled to receive under the Constitution, justifying dismissal of his claim for injunctive relief." ECF 36 at 12. Pursuant to N.D. Ind. L.R. 56-1(f), the Warden provided Mr. Wolf the Appendix C Notice which explained (in part): "If you do not respond to the summary judgment motion, you may lose this case." ECF 37 at 1. After the deadline passed without a response from Mr. Wolf, the court enlarged the deadline to July 31, and cautioned him "if he d[id] not respond by the deadline, the court may rule on the summary judgment motion without a response from him and he may lose this case." ECF 50. That deadline has passed without response.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." Trade Fin. Partners, LLC v. AAR Corp., 573 F.3d 401, 407 (7th Cir. 2009). Summary judgment "is the put up or shut up moment in a lawsuit . . .." Springer v. Durflinger, 518 F.3d 479, 484 (7th Cir. 2008).

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976). However,

> medical professionals are not required to provide *proper* medical treatment to prisoners, but rather they must provide medical treatment that reflects "professional judgment, practice, or standards. There is not one *proper* way to practice medicine in a prison, but rather a range of acceptable courses based on prevailing standards in the field. The Constitution is not a medical code that mandates specific medical treatment.

Jackson v. Kotter, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks, citations, parenthesis, and brackets omitted; emphasis added). Inmates are "not entitled to demand specific care," Walker v. Wexford Health Sources, Inc., 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir. 1997). Mere disagreement with a medical professional is not a basis for injunctive relief. *See* Ciarpaglini v. Saini, 352 F.3d 328, 331 (7th Cir. 2003).

> Whether and how pain associated with medical treatment should be mitigated is for doctors to decide free from judicial interference, except in the most extreme situations. A prisoner's dissatisfaction with a doctor's prescribed course of treatment does not give rise to a constitutional claim unless the medical treatment is so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate the prisoner's condition.

Snipes v. DeTella, 95 F.3d 586, 592 (7th Cir. 1996) (quotation marks and citation omitted). This is why courts "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." Walker v. Wexford Health, 940 F.3d at 965 (quotation marks and citation omitted). "The Constitution is not a medical code that mandates specific medical treatment." Jackson v. Kotter, 541 F.3d at 697.

The warden has provided more than 600 pages of medical records demonstrating Mr. Wolf received extensive medical care from June 6, 2018, (about five months before this case was filed) to January 8, 2020, (less than two weeks before the summary judgment motion was filed). ECF 35-3 to 35-6. The warden's brief set out numerous facts he says are undisputed. ECF 36 at 2-10.

3

Mr. Wolf hasn't provided anything to contradict those facts, so the court considers the defendant's facts undisputed. *See* Federal Rule of Civil Procedure 56(e)(2).

Two of these undisputed facts show why summary judgment must be granted for the warden. "Since his September 10, 2019 visit with Dr. Marthakis, there have been no further entries by the doctor, or nursing staff showing any further reports from Wolf of pain in his testicles or scrotum." ECF 36 at 4. "Mr. Wolf's medical records for the past year show he has been receiving repeated services and adequate care for his arm pain, leg pain, and also back pain." *Id*. These two undisputed facts, in conjunction with the others, and his extensive medical records, demonstrate Mr. Wolf is receiving constitutionally adequate medicate care for his testicles, elbow, arms, and legs.

For these reasons, the court GRANTS the summary judgment motion (ECF 35) in favor of the defendant and against the plaintiff. The clerk is DIRECTED to enter judgment and close this case.

SO ORDERED on August 12, 2020

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT
