UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SCOTT LEE WOLF,

    Plaintiff,

    v.                      CAUSE NO.: 3:18-CV-915-RLM-MGG

RON NEAL,

    Defendant.

## OPINION AND ORDER

On August 12, this court granted what appeared at the time to be an unopposed summary judgment motion filed by defendant Ron Neal against Scott Lee Wolf, a prisoner proceeding without a lawyer. The motion appeared unopposed because the deadline for Mr. Wolf to file his response was July 31. Mr. Wolf he signed a motion on July 31 asking for additional time; because of delays beyond Mr. Wolf's control, it wasn't docketed until August 13.. With the benefit of the mailbox rule, the motion was considered timely and granted, see Edwards v. United States, 266 F.3d 756, 758 (7th Cir. 2001). The court will vacate the earlier opinion and judgment and consider the now fully briefed motion.

Mr. Wolf is proceeding "against Warden Ron Neal in his official capacity for injunctive relief for the treatment of the growths on his testicles, the pain in his elbow, and the pain and numbness in his arms and legs . . .." Warden Neal's summary judgment motion argued that Mr. Wolf is "receiving the adequate medical care that he is entitled to receive under the Constitution, justifying

dismissal of his claim for injunctive relief." ECF 36 at 12. The court will now rule on the fully briefed summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion can't rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." Trade Fin. Partners, LLC v. AAR Corp., 573 F.3d 401, 407 (7th Cir. 2009). Summary judgment "is the put up or shut up moment in a lawsuit . . .." Springer v. Durflinger, 518 F.3d 479, 484 (7th Cir. 2008).

In support of the summary judgment motion, Warden Neal provided more than 600 pages of medical records demonstrating Mr. Wolf received extensive medical care from June 6, 2018, (about five months before this case was filed) to January 8, 2020, (days before the summary judgment motion was filed). The warden's brief set out facts he asserts are undisputed.

Much of Mr. Wolf's response is focused on medical conditions unrelated to this case – specifically, epilepsy, high blood pressure, degenerative thoracic spinal problems, and a submandibular mass in his mouth which causes him difficulty swallowing and breathing. None of those conditions are relevant to this lawsuit which is limited to "the treatment of the growths on his testicles, the pain in his elbow, and the pain and numbness in his arms and legs . . .." ECF 5 at 4.

As for treatment for the growths on his testicles, Warden Neal asserts that "Since his September 10, 2019 visit with Dr. Marthakis, there have been no further entries by the doctor, or nursing staff showing any further reports from Wolf of pain in his testicles or scrotum." ECF 36 at 4. Mr. Wolf's response makes no mention of his testicles. The medical records show that in addition to daily blood sugar/insulin checks[1], he was seen thirteen other times by medical staff from September 10, 2019, to January 8, 2020.[2] Therefore, the court accepts as an undisputed fact that he is not now in need of medical treatment for his testicles. *See* Federal Rule of Civil Procedure 56(e)(2).

As for the pain in his elbow, and the pain and numbness in his arms and legs, Warden Neal asserts "Mr. Wolf's medical records for the past year show he has been receiving repeated services and adequate care for his arm pain, leg pain, and also back pain." Mr. Wolf doesn't dispute having received any of the treatment described in the 600+ pages of medical records submitted with the

---

[1] The medical records show Mr. Wolf missed or refused nineteen of these daily checks during this time. ECF 35-6 at 1-96.

[2] The summary judgment motion was filed January 22, 2020, and the last medical record provided is dated January 8, 2020.

summary judgment motion, so those treatments are undisputed facts. *See* Federal Rule of Civil Procedure 56(e)(2). Rather, Mr. Wolf says those treatments are inadequate. He says he has multiple bone spurs; a degenerative, debilitating problem with his wrist; and degenerative post-operative changes to his arm and elbow. Merely listing ongoing medical conditions doesn't amount to proof that he has received constitutionally inadequate care warranting injunctive relief.

Mr. Wolf says he hasn't gotten antibiotics, but he doesn't provide any evidence showing (nor even an argument explaining) a need for antibiotics. The only specific, relevant, medical treatment he argues was inadequate is an Ace bandage for his wrist because it didn't stop the loss of muscle tone, control, and spasms in August 2018. ECF 56 at 1. Mr. Wolf is proceeding only on a claim for injunctive relief. Whether the Ace bandage was effective two years ago is of very limited value in deciding whether he is receiving constitutionally adequate medical treatment today. All of the medical records presented are relevant, but it's particularly noteworthy that in the three months[3] preceding the summary judgment motion, Mr. Wolf had nine visits with medical staff in addition to access to daily blood sugar/insulin checks.[4] 35-6 at 1-64.

It's undisputed Mr. Wolf has many ongoing medical problems and that he is dissatisfied with the care he is getting. Inmates are entitled to constitutionally

---

[3] The summary judgment motion was filed January 22, 2020, and the last medical record provided is dated January 8, 2020.

[4] The medical records show Mr. Wolf missed or refused thirteen of these daily checks during this time. ECF 35-6 at 1-64.

4

adequate medical care under the Eighth Amendment, Estelle v. Gamble, 429 U.S. 97, 104 (1976), but

> medical professionals are not required to provide *proper* medical treatment to prisoners, but rather they must provide medical treatment that reflects "professional judgment, practice, or standards. There is not one *proper* way to practice medicine in a prison, but rather a range of acceptable courses based on prevailing standards in the field. The Constitution is not a medical code that mandates specific medical treatment.

Jackson v. Kotter, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks, citations, parenthesis, and brackets omitted; emphasis added). Inmates are "not entitled to demand specific care," Walker v. Wexford Health Sources, Inc., 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir. 1997). Mere disagreement with a medical professional isn't a basis for a injunctive relief. *See* Ciarpaglini v. Saini, 352 F.3d 328, 331 (7th Cir. 2003).

> Whether and how pain associated with medical treatment should be mitigated is for doctors to decide free from judicial interference, except in the most extreme situations. A prisoner's dissatisfaction with a doctor's prescribed course of treatment does not give rise to a constitutional claim unless the medical treatment is so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate the prisoner's condition.

Snipes v. DeTella, 95 F.3d 586, 592 (7th Cir. 1996) (quotation marks and citation omitted). This is why courts "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." Walker v. Wexford Health Sources, Inc., 940 F.3d 954, 965 (7th Cir. 2019) (quotation marks and citation omitted).

"The Constitution is not a medical code that mandates specific medical treatment." Jackson v. Kotter, 541 F.3d 688, 697 (7th Cir. 2008).

Mr. Wolf hasn't provided evidence showing his current medical treatment for the growths on his testicles, the pain in his elbow, and the pain and numbness in his arms and legs is constitutionally inadequate. Therefore, the summary judgment motion will be granted and this case dismissed.

For these reasons, the court:

(1) VACATES the dismissal order and judgment (ECF 51 and 52);

(2) GRANTS the summary judgment motion (ECF 35);

(3) DIRECTS the clerk to enter judgment in favor of Warden Ron Neal and against Scott Lee Wolf; and

(4) DIRECTS the clerk to close this case.

SO ORDERED on October 15, 2020

                                                s/ Robert L. Miller, Jr.
                                                JUDGE
                                                UNITED STATES DISTRICT COURT